# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4534 | **DATE** | July 26, 2012 |
| **CASE TITLE** | Yahey Raheem Hammurabi El Bey a/k/a John Robert Smith (#2012-0003551) vs. Sheriff Paul Kalupas | | |

**DOCKET ENTRY TEXT:**

The petitioner's motion for leave to proceed *in forma pauperis* [#3] is granted. However, the petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed for failure to exhaust state court remedies prior to seeking federal habeas relief. Failure of the petitioner to show cause within thirty days will result in summary dismissal of this case pursuant to the *Younger* abstention doctrine, as well as 28 U.S.C. §§ 2241(c) and 2243. The petitioner is advised that he must provide the court with the original plus a judge's copy of every document filed.

■ [For further details see text below.]            Docketing to mail notices.

## STATEMENT

The petitioner, a pretrial detainee in the custody of the Will County Detention Facility, has filed a *pro se* petition for a writ of habeas corpus purportedly pursuant to 28 U.S.C. § 2254. The petitioner appears to claim that there was no valid reason for his arrest for failing to register as a sex offender because his underlying conviction triggering the obligation to register was reversed.

The petitioner having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. However, the petitioner is ordered to show good cause in writing why the petition should not be summarily dismissed for failure to exhaust state court remedies prior to filing suit, as well as pursuant to the *Younger* abstention doctrine.

Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly. *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). Furthermore, while applicants for habeas relief under Section 2241 are not subject to the statutory requirement of exhaustion of remedies, "federal courts nevertheless may require, as a matter of comity, that such

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Braden*, 410 U.S. at 489-92. The exhaustion doctrine requires a petitioner to use available state procedures to pursue his or her claim before seeking federal habeas corpus relief, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2005) (citations omitted).

To provide the State with the necessary " opportunity," the prisoner must "fairly present" his or her claim at each level of review in the state court system (including a state supreme court with powers of discretionary review) so that the state courts are alerted to the federal nature of the claim. *Id.* In most cases, courts will not consider claims that can be raised at trial and in subsequent state proceedings. Here, there is no evidence that the petitioner has exhausted state court remedies. Indeed, exhaustion seems highly unlikely since the petitioner appears to indicate that he was arrested just over a month ago. If the petitioner has not exhausted state court remedies, his federal habeas petition is not ripe for review.

Furthermore, irrespective of concerns of exhaustion, it should be noted that federal courts are largely prohibited from interfering in pending state criminal proceedings, in deference to principles of equity, comity, and federalism. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *Dombrowski v. Pfister*, 380 U.S. 479 (1965); *Village of Depue, Illinois v. Exxcon Mobile Corp.*, 537 F.3d 775, 783 (7th Cir. 2008). This case appears to meet the criteria for *Younger* abstention, *see* factors set forth in *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996), and the court is not satisfied that "extraordinary" circumstances exist, such as official bad faith or harassment involved in the enforcement of state laws, so as to justify an exception to the abstention rule. *Younger*, 401 U.S. at 4; *Arkebauerv. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993). Under the facts of this case, the district court discerns no basis for intervening in ongoing state criminal proceedings.

For the foregoing reasons, the petitioner is ordered to show good cause in writing why the petition for a writ of habeas corpus should not be denied pursuant to 28 U.S.C. §§ 2241(c) and 2243 for failure to exhaust state court remedies as well as pursuant to *Younger, supra*. Failure to show cause within thirty days will result in summary dismissal of this case.

**The petitioner is advised that he is required to provide the court with the original plus a judge's copy of every document filed.**